IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:07-cv-02181-WYD-BNB

EXCEL-JET, LTD., a Colorado Corporation,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

**~~PROPOSED~~ PROTECTIVE ORDER AS TO EXCEL-JET, LTD. PROPRIETARY DOCUMENTS**

---

    Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential, proprietary commercial information which will serve to annoy, oppress, and cause damage to Plaintiff Excel-Jet, Ltd. in this case, IT IS ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated as "PROTECTED" shall be information that is confidential and implicates Excel-Jet, Ltd. documents containing trade secret or other confidential research, development, or commercial information. PROTECTED information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. PROTECTED documents, materials, and/or information (collectively "PROTECTED information") shall not, without the consent of the party producing it or further Order of this Court, be disclosed *except that* such information may be disclosed to the following persons for the purposes of conducting <u>this</u> litigation: other lawyers working with counsel of record; expert consultants; expert witnesses; counsel's staff; the Court and its employees ("Court Personnel"); stenographic reporters engaged in proceedings necessarily incident to the conduct of this action; and deponents, witnesses, or potential witnesses. Such persons are bound by this Order and must be made aware of that fact prior to being given access to PROTECTED Documents or other contents. Otherwise, no person may be permitted by counsel to examine or copy PROTECTED documents, and counsel for the Government and/or parties to this lawsuit may not communicate, orally or in writing or otherwise, the contents of PROTECTED Documents and may not distribute or otherwise disseminate PROTECTED Documents or the information contained therein to any other person or entity.

5. Documents are designated as PROTECTED by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "PROTECTED."

6. Whenever a deposition involves the disclosure of PROTECTED information, the deposition or portions thereof shall be designated as PROTECTED and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as PROTECTED after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

7. A party may object to the designation of particular PROTECTED information by giving written notice to the party designating the disputed information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as PROTECTED to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as PROTECTED under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such motion within the prescribed time, the disputed information shall lose its designation as PROTECTED and shall not thereafter be treated as PROTECTED in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as PROTECTED shall bear the burden of establishing that good cause exists for the disputed information to be treated as PROTECTED.

8. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as

PROTECTED shall be returned to the party that designated it as PROTECTED, or the parties may elect to destroy the PROTECTED documents. Where the parties agree to destroy the PROTECTED documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

9. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated April 28, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge