IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 07-cv-02181-WYD-BNB (consolidated with 08-cv-01218-WYD-BNB)

EXCEL-JET, LTD., a Colorado corporation,

    Plaintiff,

v.

THE UNITED STATES OF AMERICA,

    Defendant.

## ORDER

    THIS MATTER came before the court on a hearing on October 16, 2008, on the parties' Joint Motion to Bifurcate Trial and Modify Scheduling Order. The action arises out of the crash of federally registered aircraft N350SJ on June 22, 2006, at the Municipal Airport in Colorado Springs. Plaintiff has brought claims against the United States based upon the carelessness and negligence of the air traffic controllers at the facility. The parties request in the Joint Motion to Bifurcate Trial that the issue of liability and damages be tried separately pursuant to FED. R. CIV. P. 42(b).

    Turning to my analysis, the applicable rule states as follows with respect to bifurcation: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." FED. R. CIV. P. 42(b). The district court has broad discretion in deciding whether to bifurcate or sever issues for trial. *Easton v. City of Boulder, Colo.*, 776 F.2d 1441, 1447 (10th Cir. 1985).

Bifurcation of issues is not to be routinely ordered; however, it is encouraged where experience has demonstrated its worth. *Angelo v. Armstrong World Industries, Inc.*, 11 F.3d 957, 964 (10th Cir. 1993). The Tenth Circuit has indicated that it is not an abuse of discretion to bifurcate a trial if the interests of judicial expedition and economy "favor separation of issues and the issues are clearly separable." *Id.* Further, a court has discretion to bifurcate if the court finds that bifurcation will: 1) avoid prejudice; 2) be more convenient; or 3) be conducive to expedition and economy. *King v. McKillop*, 112 F. Supp. 2d 1214, 1221 (D. Colo. 2000). "Regardless of efficiency and separability, however, bifurcation is an abuse of discretion if it is unfair or prejudicial to a party." *Angelo*, 11 F.3d at 964.

In the case at hand, I find that bifurcation of the liability and damages component of the trial is appropriate pursuant to Rule 42(b). The case involves complex issues of both liability and damages related to the airplane crash, and the parties assert that a voluminous amount of information exists in regard to Plaintiff's claims. The parties further assert, and I agree, that separate trials on the issues of liability and damages would serve to streamline this case, making the case more manageable for the parties and the Court. I also find that separate trials would not result in prejudice to any party, would expedite the case by allowing each party to properly narrow its focus, and would further the cause of judicial economy. *See In Re Air Crash Disaster at Stapleton International Airport*, 720 F. Supp. 1455, 1459 (D. Colo. 1988). This is particularly true since this case will involve a bench trial rather than the expense of one or two jury trials.

Finally, the parties requested that discovery and expert disclosure deadlines related to the issue of damages be deferred until after the issue of liability has been tried before this Court. This portion of the motion was deferred to Magistrate Judge Boland since it involves modification of the Scheduling Order, and has already been addressed by him.

In conclusion, it is

ORDERED that the portion of the Joint Motion to Bifurcate Trial and Modify Scheduling Order is **GRANTED** as to the Motion to Bifurcate. The portion of the motion that sought to modify the Scheduling Order has already been granted by Magistrate Judge Boland.

Dated: November 26, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief U. S. District Judge